UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN DESSAUER, individually
and on behalf of all others similarly situated,

    Plaintiff,

v.                                               CASE NO.: 8:26-cv-133

LIFE SURGE LLC,

    Defendant.
_____/

## FLSA COLLECTIVE ACTION COMPLAINT FOR OVERTIME WAGES

Plaintiff, John Dessauer, individually and on behalf of all other similarly situated persons working as contracted Sales Advisors herein sues Defendant, LIFE SURGE LLC, ("LIFE SURGE" or "Defendant"), pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act (the "FLSA") and states as follows:

### RECITATION OF FACTS

1. Plaintiff and the collective of similarly situated current and former Sales Advisors all performed work for Defendant and were classified as independent contractors.

2. Over a long period of time, Defendant has engaged in a willful scheme to avoid its pay obligations under the FLSA in order to save millions of dollars in

labor costs and increase profits by misclassifying its sales employees as independent contractors.

3. The Sales Advisor's primary function was to deliver scripted training and to sell Defendant's coaching or mentorship services to its pre-screened sales leads or attendees at Defendant's live events.

4. Defendant did not compensate Plaintiff on a salary basis.

5. Defendant compensated Plaintiff entirely on commissions basis.

6. To avoid its obligations under the FLSA, Defendant willfully misclassified Plaintiff and all other Sales Advisors as independent contractors. As a result of this willful misclassification, Defendant did not compensate Plaintiff or other Sales Advisors for hours worked over 40 in any work week.

7. Plaintiff brings this lawsuit on behalf of himself and all other similarly-situated misclassified Independent Contractor Sales Advisors who worked for Defendant across the U.S. and its territories for the 3-year period preceding the filing of this complaint.

8. Plaintiff, and the collective of similarly situated contractor Sales Advisors did not perform work that meets the definition of any exemption under the FLSA.

9. All the sales activities were and should be considered inside sales, as the same were conducted at routinely used locations where Plaintiff and the Sales

Advisors were instructed to work from and sell to its attendees business invitees.

10. Defendant directed and controlled all the work parameters and conditions, rules, procedures for that of Plaintiff and others similarly situated, including: a) setting their compensation on a non-negotiable basis; b), created rules, procedures and dictated all conditions of how they performed their work; c), set and determined their work schedules and the places they were to work from; d) dictated and controlled the prices to selling its services at; e) did not permit them to hire others to do the work, or refuse events or to deviate from assigned work hours and schedules.

11. Plaintiff and the collective members were and should have been classified as employees under the FLSA.

12. Defendant's blanket and uniform misclassification of all Sales Advisors as Independent Contractors without any individualized analysis, and just under the facts, constitutes a common policy and practice applicable to Plaintiff and all similarly situated collective members nationwide.

13. On or about December 15, 2025, in an act of admission of a violation of the FLSA and perhaps IRS regulations, Defendant reclassified Plaintiff and Sales Advisors from Independent Contractors to Employees.

14. Yet despite this reclassification, Defendant has willfully failed and refused to pay Plaintiff and all other Sales Advisors the overtime premiums for all

prior overtime hours performed on Defendant's behalf in the preceding 3 year period of time.

15. This lawsuit is brought as a collective action under the FLSA to recover unpaid overtime compensation owed to Plaintiff and on behalf of all other similarly situated collective members.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action involves a federal question pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

17. This Court is empowered to issue a declaratory judgment under 28 U.S.C.§§ 2201 and 2202.

18. This Court has personal jurisdiction over the Defendant as Defendant transacts business in this District and as Defendant's principal place of business is in this District, specifically, Manatee County, Florida.

19. Venue is proper to this Court pursuant to 28 U.S.C. § 1391(b) because the substantial part of the events or omissions giving rise to this action occurred within this District.

20. The overtime wage provisions set forth in FLSA § 207 apply to Defendant, as Defendant was an employer engaged in interstate commerce under the definition of the FLSA. At all relevant times, Defendant engaged in interstate

commerce and/or in the production of goods for commerce within the meaning of FLSA § 203 as a common business enterprise. Additionally, Defendant earned more than $500,000 in revenue during the previous three years as well.

## PARTIES

**Plaintiff:**

21. Plaintiff Dessauer is a resident of Indiana and was contracted as an independent contractor, Sales Advisor effective January 26, 2023.

22. Plaintiff Dessauer worked at Defendant's live events that occurred across the country, including, but not limited to, the event in the states of Florida, Colorado, Missouri, California, and Pennsylvania.

23. Plaintiff was compensated by Defendant on a commissions only basis.

24. Plaintiff Dessauer is still currently working for Defendant as an employee, as he and all other Sales Advisors were reclassified as employees on or about December 15, 2025.

25. At all times relevant to this action, Plaintiff was in reality an employee of Defendant and the work and relationship fails to meet the definition of an independent contractor under the FLSA.

26. Throughout the period of time Plaintiff performed work on behalf of Defendant, he routinely worked in excess of 40 hours per week.

27. In order to complete his job duties and in efforts to maximize his

commissions, it was necessary to routinely work more than 40 hours during his workweeks.

28. Defendant knew that Plaintiff worked more than 40 hours per week, and even encouraged and required it.

29. Despite the economic reality of the relationship, Defendant willfully failed to pay Plaintiff, and other similarly situated Sales Advisors overtime compensation for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

30. Plaintiff, with the filing of this Complaint, herein consents to join this action and to proceed collectively.

**DEFENDANT**

31. Defendant LIFE SURGE LLC, is a foreign limited liability company with a principal office located at 2511 Corporate Way, Palmetto, FL 34221.Defendant may be served through its designated registered agent, Marie B Code, Esq. at 2511 Corporate Way, Palmetto, FL 34221.

32. Defendant Life Surge offers "one-day live event designed to inspire, train, and equip believers to advance God's Kingdom in the marketplace. Our mission is to help people use their resources and influence for Kingdom impact. We bring together Christian leaders and entrepreneurs who share practical strategies to help attendees make a financial and spiritual impact in their lives and the lives of

others." https://lifesurge.com/faqs/ (accessed Jan. 8, 2026).

33. Defendant is currently offering its live events in the period of January to April 2026 in the following states: Florida, California, Louisiana, Texas, Missouri, and Massachusetts. https://lifesurge.com/events/ (accessed Jan. 8, 2026).

34. Upon information and belief, Defendant has more than 100 employees across the United States.

35. At all times material hereto, Defendant was an "employer" who "employed" Plaintiff within the meaning of the FLSA in that Defendant permitted or suffered to work Plaintiff, and other similarly situated Sales Advisors, in providing sales services across the country on its behalf and under its direction in exchange for compensation.

## STATEMENT OF GENERAL FACTS

36. Plaintiff worked for Defendant as a Sales Advisor and was classified by Defendant as an independent contractor from the date he started in January 2023 until reclassified to an employee on or about December 15, 2025.

37. Plaintiff, and other similarly situated Sales Advisors, attended Defendant's live events and delivered Defendant's scripted training and sold Defendant's products such as coaching or mentorship services to Defendant's pre-screened sales leads or attendees at Defendant's live events.

38. During their tenure, Plaintiff and similarly situated class members

regularly worked in excess of forty (40) hours within a work week without the payment of any overtime compensation.

39. Defendant contractually agreed to pay Plaintiff and all other similarly situated Sales Advisors solely on a commission basis for the sales made at Defendant's live events.

40. Plaintiff was hired on a take it or leave it, non-negotiable independent contractor relationship arrangement, and was not offered the opportunity to be an employee.

41. Upon information and belief, Defendant hired and classified all of its Sales Advisors as independent contractors during the relevant claim period until December 15, 2025.

42. Defendant knew or should have known that Plaintiff and all others similarly situated were properly classified as employees, not independent contractors, because:

    a. Defendant dictated where Plaintiff and all others similarly situated could make sales;

    b. Defendant dictated when Plaintiff and all others similarly situated could make sales;

    c. Defendant provided to Plaintiff and all others similarly situated the leads for their sales;

d. Plaintiff and all others similarly situated had no discretion or say in what to charge the customers or clients who were buying Defendant's products and services;

e. Plaintiff and all others similarly situated had their work performance closely monitored, controlled, and supervised by Defendant;

f. Defendant prohibited Plaintiff and all others similarly situated from contracting to do business with any of Defendant's clients;

g. Defendant paid for the traveling and lodging expenses incurred by Plaintiff and all others similarly situated;

h. Defendant provided all of the products, documents, and forms to be displayed at Defendant's Life Surge events;

i. Defendant provided all of the marketing, promotional, and advertising efforts used to promote attendance at Defendant's live events;

j. Defendant required Plaintiff and all others similarly situated to attend Defendant's mandatory trainings;

k. Defendant required Plaintiff and all others similarly situated to attend Defendant's weekly team meetings;

l. Defendant dictated what Plaintiff and all others similarly situated

were allowed to wear at Defendant's live events;

m. Defendant dictated when Plaintiff and all others similarly situated were allowed to leave Defendant's live events;

n. The Independent Contractor agreement provided to Plaintiff and all others similarly situated is not for a finite or defined period of time;

o. Plaintiff, and all others similarly situated, were required to request time off from work in advance from Defendant;

p. Plaintiff and all others similarly situated could not delegate work to other persons or their own contractors or employees; and

q. Plaintiff and all others similarly situated were provided "take it or leave it" independent contractor agreements, the terms of which were non-negotiable.

43. Upon information and belief, Defendant has classified most if not all Sales Advisors as "independent contractors," nationwide, without any individualized analysis as to whether their work met the elements or definition of an independent contractor.

44. Plaintiff and the class members were not paid on a salary basis and thus fail the elements of the administrative and executive exemptions.

45. Plaintiff, and all others similarly situated, did not, and did not attempt to, make sales at the homes or businesses of Defendant's clients.

46. Plaintiff, and all others similarly situated, made sales at routine, fixed locations selected by Defendant and rented and paid for by Defendant.

47. Plaintiff and the class members were not exempt from overtime under any white-collar exemptions to the FLSA.

48. Plaintiff and the putative class members should have been compensated for those hours worked in excess of forty (40) hours per week, as required by the FLSA.

49. From the commencement of Plaintiff's tenure, Defendant failed to pay Plaintiff and other Sales Advisors overtime premiums for hours worked over 40 in any workweeks as mandated under the FLSA.

50. Defendant has known that Plaintiff and all similarly situated Sales Advisors performed overtime work without proper compensation and Defendant chose to deny them overtime compensation for performing this work in willful disregard of their rights under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

52. Plaintiff brings this collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all others similarly situated defined as:

**All persons who performed work for Defendant LIFE SURGE LLC, as Sales Advisors under an independent contractor relationship at any time during the**

**three (3) years preceding the filing of this case to the present day anywhere in the United States and its territories.**

53. Plaintiff, individually and on behalf of all other similarly-situated persons seek relief on a collective basis challenging, among other FLSA violations, Defendant's unlawful, common pay practice of classifying Sales Advisors as independent contractors and for failing to pay them overtime premiums.

54. Upon information and belief, Defendant had 40 or more independent contractor Sales Advisors working for it during the preceding 3 years, such that with turnover the class or collective may be upwards of 50 or more persons.

## COUNT I

**FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF SECTION 207(a) OF THE FAIR LABOR STANDARDS ACT**

55. Plaintiff re-allege and incorporate by reference the preceding paragraphs as if fully stated herein.

56. Plaintiff, and all other similarly situated individuals, were hired by Defendant under the label of independent contractors as Sales Advisors, providing sales services on a national basis and as part of Defendant's enterprise providing those services on a national basis.

57. Plaintiff worked on a commission only basis on behalf of the Defendant and routinely worked in excess of 40 hours per workweek throughout the term of their relationship with Defendant.

58. Despite the label of independent contractors, Plaintiff, and all other similarly situated individuals, in reality, were employees of the Defendant in that they were economically dependent on Defendant for work.

59. Plaintiff and all others similarly situated could not set their own work schedules and come and go as they pleased with the regards to their work schedules, and any time off from work required approval by Defendant.

60. Taking all the facts involved as stated above and herein, Plaintiff and all others similarly situated fail to meet the definition of independent contractors.

61. Plaintiff and all others similarly situated routinely were required to work more than 40 hours a week throughout the terms of their work for Defendant, and likewise, Defendant knew they were working more than 40 hours during their workweeks.

62. Defendant had an obligation to compensate Sales Advisors in an amount of one and one-half times their regular rates of pay for every hour worked over 40 hours in any given workweek but willfully chose not to.

63. Defendant did not compensate Sales Advisors for all their hours worked for Defendant in excess of forty (40) per week as required by §207 of the FLSA, based on Defendant's misclassification of these individuals as "Independent Contractors."

64. Sales Advisors were victims of a common scheme and policy by

Defendant to deny them overtime compensation required as by the FLSA.

65. Defendant's failure to Plaintiff and all other similarly situated Sales Advisors in accordance with §207 of the FLSA was and is, a willful disregard of the overtime wage compensation requirements of the FLSA.

66. Plaintiff and all other similarly situated Sales Advisors have suffered economic damages as a result of Defendant's failure to pay them their rightful overtime compensation.

67. Plaintiff, on behalf of himself and other Sales Advisors seeks unpaid overtime compensation in an amount to be determined at trial, as well as an equal amount of liquidated damages (or pre-judgment interest in the event of liquidated damages are denied), post-judgment interest, and attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all past and present Sales Advisors who worked for Defendant in the three (3) years preceding the filing of this complaint to the present, demand judgment against Defendant and prays this Court grant the following relief:

a. Designation of this action as a collective action;

b. That Plaintiff be authorized to give notice of this Collective Action, or that this Court issue such notice at the earliest possible time to all past

and present Sales Advisors working for Defendant at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

c. Designation of the Named Plaintiff as Representative of the Collective Action;

d. That all past and present Sales Advisors be informed of the nature of this collective action and notified of their right to join this lawsuit if they believe that they were or are misclassified as an independent contractor;

e. That the Court find and declare Defendant's actions a violation of the overtime compensation provisions of the FLSA;

f. That the Court find and declare Defendant's violations of the FLSA were and are willful;

g. That the Court enjoin Defendant, pursuant to 29 U.S.C. § 217, from withholding future payment of overtime compensation owed to members of the Collective or Class and Order Defendant to reclassify Sales Advisors as employees and as FLSA non-exempt;

h. That the Court award to Plaintiff and all others who consent to join this FLSA collective action overtime compensation at a rate of one and one-

      half times their regular rates of pay, or, their overtime premiums, including the value of all compensation earned, for previous hours worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA § 216 and all other related economic losses;

i. That the Court award Plaintiff and all other persons who opt into this action, recovery of their reasonable attorneys' fees and costs and expenses of litigation pursuant to FLSA § 216;

j. That the Court issue an order of judgment under 29 U.S.C. § 216 and 217, 28 U.S.C. §§ 2201 and 2202 finding that the Defendant unlawfully and willfully violated the FLSA by failing to pay overtime wages and willfully failed to properly and accurately record all hours worked by Plaintiff and all others similarly situated;

k. That the Court award any other legal and equitable relief as this Court may deem appropriate, including the value of underpaid matching funds in company pension or 401(k) plans.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated: January 16, 2026

<u>*/s/ Mitchell L. Feldman, Esq.*</u>
Mitchell L. Feldman, Esq.
Florida Bar No.: 0080349
Feldman Legal Group
12610 Race Track Road, Ste. 225
Tampa, FL 33626
Telephone: (813) 639-9366
Fax: (813) 639-9376
mfeldman@flandgatrialattorneys.com
*Lead Attorney for Plaintiff and all others similarly situated*
